

WWW.RIVKINRADLER.COM

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

June 25, 2012

**VIA ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11215

      Re:    Government Employees Ins. Co. v. Reyes-Arguelles, et al.
              Docket No. CV 12-1953 (CBA)(RLM)
              RR File No.:  005100-00215

Dear Judge Amon:

We represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") in this matter. As the Court is aware, by letter dated June 22, 2012 Defendant Paul Soltanov ("Soltanov") requested a pre-motion conference in advance of a proposed motion to dismiss. See Docket No. 10. Likewise, in a separate letter dated June 22, 2012, Defendants Zenaida Reyes-Arguelles ("Arguelles"), Arguelles M.D., P.C. ("Arguelles PC"), and Vincent Medical, P.C. ("Vincent PC") requested a pre-motion conference in advance of their own proposed motion to dismiss. As set forth more fully herein, the grounds advanced by the Defendants for their proposed motions lack merit and, indeed, are at odds with the precedent of the Eastern District of New York.[1] Defendants' requests for pre-motion conferences therefore should be denied. To the extent that the Court elects to schedule the requested pre-motion conferences, Plaintiffs respectfully request that the Defendants be required to explain how their proposed motions have merit in light of the points and authorities set forth in this letter. To the extent that the Defendants cannot articulate a legitimate explanation for the merits of their proposed motions in light of this letter, Plaintiffs respectfully request that the Defendants' proposed motions be limited accordingly.

First, Soltanov appears to contend that Plaintiffs' RICO claims are subject to dismissal because Plaintiffs' allegations – namely, that the Defendants fraudulently incorporated two medical professional corporations,

---

[1] The Court's Individual Practices provide for a three-page letter in response to a letter requesting a pre-motion conference. In the interests of economy, Plaintiffs are responding to both of the Defendants' letters with this single, five-page letter, and therefore respectfully request that the Court consider this letter in its entirety.

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000
F 516.357.3333

555 Madison Avenue
New York, NY  10022-3338
T 212.455.9555
F 212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460
F 201.489.0495



Honorable Carol Bagley Amon
June 25, 2012
Page 2


Arguelles PC and Vincent PC (collectively the "PC Defendants"), caused them to secretly be owned and controlled by laypersons, and then used them to submit large-scale no-fault billing that misrepresented the PC Defendants' corporate legitimacy and eligibility to collect no-fault benefits – state only "garden variety" fraud claims, and not civil RICO claims. Soltanov is wrong. Many other Judges within this District have found virtually identical allegations to state claims under the civil RICO statute – as well as claims for common law fraud. See, e.g., Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 2012 U.S. Dist. LEXIS 86303 at * 55 - * 69 (E.D.N.Y. 2012)(Weinstein, J.); Allstate Ins. Co. v. Lyons, 2012 U.S. Dist. LEXIS 19866 at * 7 - * 28 (E.D.N.Y. 2012)(Gleeson, J.); Gov't Emples. Ins. Co. v. Hollis Med. Care, P.C., 2011 U.S. Dist. LEXIS 130721 at * 11 - * 33 (E.D.N.Y. 2011)(Glasser, J.); Allstate Ins. Co. v. Ahmed Halima, 2009 U.S. Dist. LEXIS 22443 at * 12 - * 22 (E.D.N.Y. 2009)(Irizarry, J.); Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 2009 U.S. Dist. LEXIS 91291 at * 8 - * 27 (E.D.N.Y. 2009)(Hurley, J.); State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F. Supp. 2d 212, 224-231 (E.D.N.Y. 2009)(Gershon, J.); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 2008 U.S. Dist. LEXIS 71156 at * 32 - * 52 (E.D.N.Y. 2008)(Glasser, J.)(all denying motions to dismiss RICO claims based on substantially similar allegations regarding fraudulent incorporation and submission of billing that misrepresented the corporate legitimacy of professional corporations).

Second, Soltanov contends that Plaintiffs have not pleaded the open- or closed-ended pattern of racketeering activity necessary to support their RICO claims. Specifically, Soltanov seems to argue that – because GEICO has alleged only "hundreds" of predicate acts spanning between three and a half to five years, GEICO has not sufficiently alleged a closed-ended pattern. Tellingly, Soltanov offers no authority for this incorrect proposition, which is contavened by Eastern District decisions in similar cases. See, e.g., Excel Imaging, P.C., supra at * 67 (submission of "multiple fraudulent bills over a period of years" sufficient to allege the requisite pattern); Grafman, supra, 665 F. Supp. 2d at 227-228 ("hundreds of statements alleged to be fraudulent" sufficient to plead a RICO pattern); State Farm Mut. Auto. Ins. Co. v. Kalika, 2006 U.S. Dist. LEXIS 97454 at * 46 (E.D.N.Y. 2006) adopted by 2007 U.S. Dist. LEXIS 90322 (E.D.N.Y. 2007)(Amon, J.)("allegations of almost four years of continuous activity involving 1,256 claims more than satisfies the requirement of closed-ended continuity.")

In any case, even if hundreds of predicate acts committed over the course of at least three and a half years somehow was insufficient to establish a closed-ended pattern, Plaintiffs have alleged that the PC Defendants existed for the purpose of engaging in racketeering activity, and that the predicate acts of mail fraud were the regular way in which Soltanov operated the PC Defendants. See Complaint at ¶¶ 107-108, 134-135, and passim. This, in turn, demonstrates a threat of continuing criminal activity sufficient to allege an open-ended pattern of racketeering activity in support of Plaintiffs' RICO claims. See, e.g., Lyons, supra at * 15 - * 16 (open-ended pattern sufficiently pleaded where allegations of fraudulent incorporation, and numerous fraudulent billings, made it "reasonable to infer that the PCs operated by defendants existed for



Honorable Carol Bagley Amon
June 25, 2012
Page 3

criminal purposes", and therefore raised the specter of continuing criminal activity). Furthermore, GEICO has alleged that the Defendants continue to attempt collection on previously-submitted fraudulent claims, and that the intricate planning required to carry out and conceal the predicate acts of mail fraud implies a threat of continued criminal activity, which likewise is sufficient to demonstrate a threat of continued criminal activity and plead an open-ended pattern. See, e.g., Excel Imaging, P.C., supra at * 67; Kalika, supra at * 46. Tellingly, Soltanov does not address these allegations in any way, nor does he cite to or otherwise attempt to distinguish Judge Gleeson's decision in Lyons, Judge Weinstein's recent decision in Excel Imaging, P.C., or Magistrate Judge Pollak's report and recommendation in Kalika, which was adopted by this Court in its entirety.

Third, Soltanov appears to contend that, because GEICO's fraud claims are based in large part on misrepresentations regarding the corporate structure and legitimacy of the PC Defendants, rather than on misrepresentations as to the medical necessity of the services allegedly provided through the PC Defendants, GEICO somehow has not sufficiently stated its claims. Again, Soltanov does not offer any actual authority for this proposition, and – in any case – this exact same proposition repeatedly has been raised by similar no-fault fraud rings and rejected by this Court. See, e.g., State Farm Mut. Auto. Ins. Co. v. Rabiner, 749 F. Supp. 2d 94, 102-103 (E.D.N.Y. 2010)(plaintiff-insurer stated claims based on misrepresentations regarding corporate structure of professional corporation even though it did not allege that the billed-for medical services were unnecessary or not rendered in the first instance); Grafman, supra, 665 F. Supp. 2d at 222-223 (same); State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C., 2007 U.S. Dist. LEXIS 74459 at * 9 (E.D.N.Y. 2007)("[C]ontrary to the moving defendants' argument that plaintiff was not injured by defendants' fraudulent incorporation, ... plaintiff plainly was injured by paying no-fault claims in reliance on defendants' misrepresentations that the PC defendants were valid medical professional corporations.")

Fourth, Arguelles and the PC Defendants contend that Arguelles cannot be held liable for violation of civil RICO because GEICO supposedly has not sufficiently alleged her participation in the PC Defendant RICO enterprises. For this proposition, Arguelles and the PC Defendants contend that, since GEICO alleges that Arguelles was the straw owner of the PC Defendants on behalf of Soltanov, and ceded control over the PC Defendants to Soltanov, Arguelles could not have been a participant in the PC Defendants' operations. This is specious. As the Court may note, Plaintiffs allege that Arguelles: (i) sold the use of her medical license to Soltanov; (ii) caused the PC Defendants to be fraudulently incorporated; (iii) served as the nominal or paper owner of the PC Defendants, thereby concealing the fact that they actually were owned and controlled by Soltanov; and (iv) caused the PC Defendants to enter into a series of sham management, billing, marketing, and lease agreements with Soltanov designed to give Soltanov control over the PC Defendants and their revenues while concomitantly concealing his ownership and control. See Complaint at ¶¶ 31-65. But for Arguelles' participation, neither of the PC Defendants would exist in the first instance, and the Defendants would have



Honorable Carol Bagley Amon
June 25, 2012
Page 4

been unable to enact their fraudulent scheme. In light of the totality of these allegations, Arguelles and the PC Defendants cannot colorably contend that GEICO has not sufficiently alleged Arguelles' participation in the respective PC Defendant enterprises. In this context, Arguelles' and the PC Defendants' "non-participation" argument is at odds with the precedent from substantially similar cases in this District – which, tellingly, the Defendants fail to cite in their letters requesting pre-motion conferences.  See, e.g., Excel Imaging, P.C., supra at * 63 - * 64 (allegations that licensed physicians agreed to serve as nominal owners of fraudulently incorporated professional corporation in exchange for payment from unlicensed laypersons held "sufficient to support the claim that the defendants actively participated in the creation or management of" the enterprise); Valley Physical Med. & Rehab., P.C., supra at * 8 - * 9 (motion to dismiss civil RICO claim against nominal physician-owners denied where, among other things, complaint alleged that doctor defendants sold the use of their names and licenses so that professional corporations could be formed and that non-physicians actually managed the corporations and engaged in fraudulent no-fault billing).

Fifth, Arguelles and the PC Defendants contend that Plaintiffs have not sufficiently pleaded the existence of an actual case or controversy so as to support their claim for a declaratory judgment. However, GEICO has alleged the existence of an actual case or controversy, inasmuch as it has alleged that the parties dispute GEICO's liability on more than $1,396,000.00 in pending, but unpaid, fraudulent billing that has been submitted through the PC Defendants to GEICO. See Complaint at ¶¶ 98-103. This is all that is necessary at the pleading stage. See Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993); see also 28 U.S.C. § 2201(a); Grafman, supra, 655 F. Supp. 2d at 222-23. In this context, Arguelles' and the PC Defendants' citation to Travelers Indem. Co. v. Liberty Med. Imaging Assocs., P.C., 2009 U.S. Dist. LEXIS 29596 (E.D.N.Y. 2009) is completely inapposite, in that the Liberty Med. Imaging Assocs., P.C. involved a motion for default judgment, not a motion to dismiss. On motions to dismiss, this Court repeatedly has sustained virtually identical declaratory judgment claims based upon virtually identical "case or controversy" pleadings. See, e.g., Rabiner, supra, 749 F. Supp. 2d at 102; Grafman, supra, 655 F. Supp. 2d at 222-223.

Sixth, Arguelles and the PC Defendants contend that GEICO's declaratory judgment claim is subject to arbitration, pursuant to Judge Gleeson's decision Lyons. To the extent that the PC Defendants seek to compel arbitration of GEICO's declaratory judgment claim, GEICO expects to demonstrate that the PC Defendants have waived any right to arbitration by commencing litigation on virtually all of their pending claims. In Excel Imaging, P.C., which was decided just last week, Judge Weinstein – citing extensively to Lyons – found that the participants in a similar no-fault fraud scheme had waived their right to arbitration by commencing litigation on their pending claims. Furthermore, Judge Weinstein stayed any possible arbitration pending the outcome of the insurer's declaratory judgment claim, in the interest of judicial economy. A similar result should obtain in the present case, to the extent that Arguelles and the PC Defendants attempt to compel arbitration of GEICO's declaratory judgment claim,



Honorable Carol Bagley Amon
June 25, 2012
Page 5


Seventh, Arguelles and the PC Defendants contend – without providing any specifics – that GEICO's common law claims are subject to dismissal on res judicata or statute of limitations grounds. Like Soltanov's false contention that GEICO cannot state affirmative claims based solely on misrepresentations as to the PC Defendants' corporate structure, these res judicata and limitations arguments repeatedly have been advanced by similar no-fault fraud rings and rejected by the Court. With respect to the Defendants' proposed res judicata argument, GEICO does not seek to recover – though this litigation – any money that it has paid as the result of any lawsuit or arbitration. In any case, a "party may properly raise a defense of res judicata or collateral estoppel on a motion to dismiss pursuant to Rule 12(b)(6) only where the basis for that defense is set forth on the face of the complaint or established by the public record." Accurate Med., P.C., supra at * 6 (E.D.N.Y. 2007). Defendants therefore could not prevail on their proposed res judicata argument without providing the Court with the specific state court decisions that they contend bar Plaintiffs' claims. Id.; see also State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C., 589 F. Supp. 2d 221, 235 (E.D.N.Y. 2008)(same).  They will be unable to do so, since there are no state Court actions that bar GEICO's claims regarding the more than $1,050,000.00 it seeks to recover in this action.

Defendants' putative statute of limitations argument likewise is meritless. GEICO specifically has alleged that the Defendants fraudulently concealed their scheme by, among other things, entering into complex financial arrangements designed to obscure Soltanov's unlawful ownership in and control over the PC Defendants. Under similar circumstances, based on virtually identical concealment allegations, Courts have refused to dismiss insurer recovery actions on limitations grounds. See, e.g., Grafman, supra, 655 F. Supp. 2d at 226 ("In light of plaintiff's allegations, it is plausible that plaintiff could not discover defendants' fraudulent scheme, or the scope of the involvement of particular defendants, until sometime after the actual injury occurred."); Halima, supra at * 21 - * 22 ("at this point in the dispute, the Court cannot say when Plaintiffs knew or should have known of the alleged fraud"); Accurate Med., P.C., supra at * 5 ("[D]efendants' argument that plaintiff's claims regarding unnecessary medical treatment are barred by the statute of limitations necessarily assumes facts that are beyond the pleadings and that have yet to be developed. Indeed, the date by which plaintiff should have discovered the alleged fraud involves factual determinations that are unlikely to be resolved on a motion to dismiss.") Accordingly, dismissal at the pleading stage on limitations grounds would be inappropriate.

As discussed above, the Defendants' proposed arguments for dismissal lack merit on their face and, in many cases, are the exact same arguments that time and again have been raised by no fault fraud rings and rejected by the Court. To the extent that the Court schedules a pre-motion conference in advance of the Defendants' proposed motion, Plaintiffs respectfully request that Defendants be required to explain how their proposed motions have any merit in light of the points and authorities discussed above. If, as Plaintiffs



Honorable Carol Bagley Amon
June 25, 2012
Page 6

expect, the Defendants are unable to articulate a colorable explanation of the merits of their proposed motions, GEICO requests that the scope of the proposed motions be limited accordingly.

We appreciate the Court's attention to this matter.

                                                Respectfully submitted,

                                                */s/ Max Gershenoff*
                                                Max Gershenoff (MG 4648)

cc:  All counsel via ECF